IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILBERT L. JONES,<br><br>Plaintiff,<br><br>v.<br><br>NUCOR REBAR FABRICATION, INC.,<br><br>Defendant. | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-01163-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is pro se Plaintiff Wilbert L. Jones's Objection[1] to Magistrate Judge Dustin B. Pead's Report and Recommendation[2] to grant Defendant Nucor Rebar Fabrication, Inc. (Nucor)'s Motion to Dismiss.[3] For the reasons stated below, Jones's Objection is OVERRULED, and the Report and Recommendation is ADOPTED.

## BACKGROUND and PROCEDURAL HISTORY[4]

This case arises out of allegations of employment discrimination. In 2024, Jones was employed by Nucor at its Salt Lake City location.[5] At an unspecified date, a person named "Jeff Green" made "racial remarks."[6] Nucor received a letter regarding Green's remarks in August

[1] Dkt. 34, *Wilbert L. Jones's Objection to Magistrate Judge's Report and Recommendation* (*Objection*).

[2] Dkt. 32, *Report & Recommendation* (*Report*).

[3] Dkt. 18, *Defendant Nucor Rehab Fabrication, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint* (*Motion to Dismiss*).

[4] The following facts are drawn from the operative complaint. *See* Dkt. 17, *Amended Complaint.* Because the Report concerns a motion to dismiss, the court "accept[s] as true all well-pleaded facts" and "view[s] those facts in the light most favorable to the nonmoving party." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

[5] *Amended Complaint* at 2.

[6] *Id.*

2024.[7]

Jones applied for the "Night Lead" position at Nucor.[8] On November 25, 2024, Jones and the current Night Lead Don Wiles, had a disagreement about a task Jones was instructed to perform.[9] Jones spoke with his supervisor regarding the issue with Wiles.[10] Wiles then told Jones he would be moving back to the day shift[11] and began pushing and shoving Jones while making derogatory remarks to Jones about his "color, age and . . . religion."[12] Wiles was subsequently convicted of a Class B Misdemeanor for battery.[13]

On March 28, 2025, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Utah Anti-Discrimination and Labor Division (the Division) against Nucor.[14] On August 29, 2025, the Division issued a Determination and Order concluding "there is insufficient evidence to find that [Nucor] violated the [Utah Antidiscrimination] Act."[15] On December 29, 2025, Jones filed a Complaint for (1) violation of Title VII of the Civil Rights act of 1964, (2) age discrimination under the Employment Act of 1967, and (3) discrimination under the Utah Antidiscrimination Act of 1965.[16] On January 20, 2026, Nucor filed a Motion to Dismiss, or in the Alternative, Motion for More Definite

---

[7] *Id.* It is unclear from the Amended Complaint whether Plaintiff submitted a letter or if Nucor received a letter from someone else. *See id.* ("There was a letter to the company for hostile workplace environment back in August 2024.").

[8] *Id.* at 2. The Amended Complaint does not state when Jones applied for this position.

[9] *Id.* at 2.

[10] *Id.* at 2.

[11] Although the Amended Complaint does not provide more details, the court infers the altercation between Wiles and Jones occurred while they were working a night shift.

[12] *Id.* at 2, 4.

[13] *Id.* at 2.

[14] Dkt. 18-1, *Notice of Charge of Discrimination*.

[15] Dkt. 18-2, *Determination and Order* at 4.

[16] *See* Dkt. 1, *Complaint for Violation of Civil Rights*.

Statement.[17] On February 23, 2026, the court granted Nucor's Motion as a Motion for More Definite Statement.[18]

On March 9, 2026, Jones filed the Amended Complaint.[19] Jones asserts violations of Title VII of the Civil Rights Act, which the Report construes as claims for discrimination, hostile work environment, and retaliation.[20] The Amended Complaint requests 6 million dollars for: damages related to "losses related to promotion in management," economic and non-economic damages for negligence, lost wages, punitive damages, and "[h]ostile work environment batteries."[21]

On March 24, 2026, Nucor filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[22] On June 23, 2026, Judge Pead issued the Report recommending the court grant the Motion to Dismiss.[23] The Report concludes that Jones's discrimination claim fails because the Amended Complaint does not sufficiently allege that he applied for a promotion, a promotional opportunity actually existed, or that the night lead position was given to someone else or remained unfilled.[24] Similarly, the Report concludes the Amended Complaint fails to state a claim for a hostile work environment because its allegations of racially-hostile incidents "do not meet the level of frequency or severity necessary for

---

[17] Dkt. 6, *Defendant Nucor Rebar Fabrication, Inc.'s Motion to Dismiss, or in the Alternative, Motion for More Definite Statement*.

[18] Dkt. 16, *Ruling & Order Granting Motion for More Definite Statement*.

[19] *Amended Complaint*.

[20] *Id.* at 2, 4; *Report* at 4. It is unclear whether Jones also asserts a claim for battery. Jones references "hostile work environment batteries" in his request for relief. *See Amended Complaint* at 4; *Report* at 9 (stating Jones "appears to raise a state law claim for civil battery").

[21] *Id.* at 4.

[22] *Motion to Dismiss*.

[23] *Report*.

[24] *Id.* at 5–7.

establishing an abusive work environment."[25] The Report further concludes the Amended Complaint fails to state a claim for retaliation because it does not allege Jones suffered an adverse action after discussing the Wiles incident with the production supervisor.[26] Lastly, to the extent the Amended Complaint asserts a civil battery claim, the Report recommends the court decline to extend supplemental jurisdiction to any state law claim.[27]

On July 6, 2026, Jones timely filed his Objection to the Report.[28] Nucor filed a Response in support of the Report on July 20. 2026.[29] The court now considers both the Report and the Objection.

## LEGAL STANDARDS

Jones is a pro se litigant. Pro se litigants are held to less stringent standards than parties formally represented by lawyers, and their pleadings "are to be construed liberally."[30] Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[31]

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. If an objection is timely[32] and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute," the court reviews

[25] *Id.* at 7–8.

[26] *Id.* at 8–9.

[27] *Id.* at 9.

[28] *Objection*.

[29] *See Objection*; Dkt. 35, *Defendant Nucor Rebar Fabrication, Inc.'s Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation* (*Response*).

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citation modified)).

[32] An objection must be filed within 14 days to be timely. *See* Fed. R. Civ. P. 72(b)(2).

the Report de novo.[33] Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific, the objector has waived "review of both factual and legal questions."[34] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[35] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[36]

Under Federal Rule of Civil Procedure 12(b)(6), a party may move the court to dismiss an action for "failing to state a claim upon which relief can be granted."[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do."[40] When determining whether a complaint meets these criteria, the court "assume[s] the factual allegations are true and ask[s] whether it is plausible that the plaintiff is entitled to relief."[41] The Tenth

---

[33] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[34] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[35] *See Moore*, 950 F.2d at 659 (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

[36] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (first citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); then citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[37] Fed. R. Civ. P. 12(b)(6).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[39] *Id.* (citing *Twombly*, 550 U.S. at 556).

[40] *Twombly*, 550 U.S. at 555.

[41] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citation omitted).

Circuit has observed there "is a low bar for surviving a motion to dismiss, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."[42] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[43]

## DISCUSSION

Jones asserts five objections against the Report: (1) the Division's Determination and Order did not consider facts in its finding, (2) Nucor is liable for negligence, (3) the Amended Complaint sufficiently pleads hostile work environment under Utah law, (4) additional facts demonstrate retaliation against Jones, and (5) supplemental jurisdiction is proper under *respondeat superior*.[44] The court concludes the objections are sufficiently specific to warrant de novo review. The court considers each in turn and concludes that none of the objections warrant rejection of the Report.

### I. Objection 1

Jones's first objection is that the August 29, 2025 Determination and Order issued by the Division did not "include all of the facts in [its] finding.[45] Specifically, had the Division conducted an investigation, it would have found Wiles "was found guilty of 'Battery'" and Nucor is therefore vicariously liable for failing to ensure a safe work environment.[46] This

---

[42] *Clinton v. Sec. Ben. Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (citation modified).

[43] *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (citation modified).

[44] *Objection* at 2–7.

[45] *Objection* at 2.

[46] *Id.*

objection is directed at the Division's Determination and Order, not the Report.[47] Because the objection fails to assert a legal or factual error in the Report, the objection is overruled.[48]

## II. Objection 2

Jones's second objection asserts a new claim for negligence, arguing if Nucor had "sent [Wiles] home for the first incident, the second pushing would've never happened."[49] The objection does not respond to the Report's legal or factual analysis, as the Report never considered a claim for negligence because it was not asserted in the Amended Complaint.[50] Because the objection does not address an error in the Report, the objection is overruled.[51]

## III. Objection 3

Jones next objects to the Report's conclusion that the Amended Complaint's allegations of racially derogatory remarks are insufficient to establish a hostile work environment.[52] Jones argues that Utah law provides "legal protections" if verbal abuse "escalate[s] into specific criminal or civil offenses."[53] Jones does not cite to the Utah law he invokes. Regardless, Jones's claim for hostile work environment is governed by federal law, not state law.[54] Federal law is clear that "[i]nstead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments" in order to *establish* the presence of a hostile work environment.[55] The Amended

---

[47] *See id.*

[48] *See One Parcel of Real Prop.*, 73 F.3d at 1060 (stating an objection must direct the court's attention to "factual and legal issues" in the magistrate judge's report).

[49] *Objection* at 3–4.

[50] *See generally Amended Complaint.*

[51] *See One Parcel of Real Prop.*, 73 F.3d at 1060.

[52] *Objection* at 4–5.

[53] *Id.* at 4 (emphasis omitted).

[54] *See* 42 U.S.C. § 2000e-2 (outlining unlawful employment practices); *Lounds v. Lincare, Inc.* 812 F.3d 1208, 1222 (10th Cir. 2015).

[55] *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (citing *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1412 (10th Cir. 1987)).

Complaint sufficiently alleges only a single incident of racially derogatory remarks by Wiles.[56] A single allegation of racially derogatory remarks is insufficient to meet this standard. Accordingly, the objection is overruled.

**IV. Objection 4**

Jones's fourth objection is titled "State a Claim for Retaliation."[57] To establish a prima facie case for retaliation, Jones must allege "(1) [he] engaged in protected opposition to discrimination; (2) [he] suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between [his] opposition and the employer's adverse action."[58]

While challenging the Report's conclusions on the retaliation claim, the objection appears to repeat the objection that Judge Pead incorrectly concluded "a couple of statements are not a violation of Title VII" and otherwise implies Nucor retaliated against Jones by subjecting him to "severe racial harassment" for reporting abuse.[59] The objection also includes new facts concerning the retaliation claim. Jones states that after the altercation with Wiles, "Production Supervisor (McKinley) sent me home for a week, as if I had done something wrong. During this time, management moved me back to day shift, ensuring I wouldn't get promoted to night lead. The timeline for this action was about a week."[60]

Although Jones now alleges he was sent home early as a punishment and his

---

[56] *See Amended Complaint* at 2, 4. The Amended Complaint also states a "Jeff Green" made "racial remarks" at some unspecified time. *Id.* It is unclear whether Green was an employee at Nucor. Such general allegations do not constitute "more than labels and conclusions" as required by the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555.

[57] *Objection* at 5.

[58] *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006) (citation omitted).

[59] *Id.* at 6.

[60] *Id.* at 5.

reassignment to the day shift would ensure he would not get promoted to night lead, these allegations are not included in the Amended Complaint.[61] In considering a motion to dismiss, "a court must restrict its review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations."[62] Here, the Amended Complaint alleges only that when Jones went to speak the production supervisor regarding the incident with Wiles, Wiles informed him he would be moving back to the day shift.[63] Jones does not plead any facts to infer a reasonable employee would understand his reassignment to the day shift to be an adverse action, or that there was a causal nexus between Jones reporting the incident to the supervisor and the reassignment. Indeed, the Amended Complaint does not allege adverse action was taken by anyone with supervisory authority over Jones.[64] Accordingly, the court concludes the Amended Complaint fails to state a claim for retaliation, and the objection is overruled.

## V. Objection 5

Jones's final objection opposes the Report's recommendation not to extend supplemental jurisdiction to Jones's state law claim.[65] A federal court may extend supplemental jurisdiction over a state law claim when it is "so related to claims in the action within such original jurisdiction [of the court] that they form part of the same case or controversy."[66] Jones asserts the court should extend supplemental jurisdiction to his state law claim under the legal doctrine of *respondeat superior*.[67] However, *respondeat superior* is not a distinct cause of action under

---

[61] *See generally Amended Complaint*.

[62] *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Waller v. City & Cnty. of Denv.*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)).

[63] *Amended Complaint* at 2.

[64] *See Amended Complaint* at 2, 4.

[65] *Objection* at 7.

[66] 28 U.S.C. § 1367(a).

[67] *Objection* at 7.

federal law or some other independent grounds for federal jurisdiction, but rather a legal doctrine to assign liability for a tort to an employer.[68] Because the court dismisses the Amended Complaint's federal causes of action, the court lacks original jurisdiction over any part of Jones' claims. Therefore, the court declines to extend supplemental jurisdiction over the state law claim, and the objection is overruled.

## CONCLUSION

Jones's Objection to the Report is OVERRULED.[69] Finding no clear error in the remainder of the Report, the court ADOPTS it in its entirety.[70] The Amended Complaint[71] is DISMISSED. The court directs the Clerk of Court to close the case.

SO ORDERED this 4th day of September, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[68] *See Gardner v. United States*, 316 F. Supp. 3d 1308, 1322 (D. Utah 2018) (citations and quotation marks omitted) ("[*R*]*espondeat superior* is not itself a cause of action or a cognizable legal claim. It is a legal doctrine that holds employers liable for the torts of employees.").

[69] Dkt. 34.

[70] Dkt. 32.

[71] Dkt. 17.